959 F.2d 233
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael K. BAILEY, Plaintiff-Appellant,
v.
George WILSON; Jeffrey Carson; David Turner; Raymond E.
Brown; Donald L. McGraw, Defendants-Appellees.
 No. 91-3970.
 United States Court of Appeals, Sixth Circuit.
 March 26, 1992.
 
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Michael K. Bailey, a pro se Ohio prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking declaratory, injunctive and monetary relief, Bailey sued five officials at the Ohio Department of Rehabilitation & Corrections in their individual and official capacities. He alleged that they violated his Eighth and Fourteenth Amendment Due Process and Equal Protection rights when they denied him a specific prison bed assignment based solely on his race.
 
 
 3
 The proceedings were stayed for ninety days pursuant to 42 U.S.C. § 1997(e) to permit Bailey to exhaust his administrative remedies. After Bailey fully exhausted his administrative remedies, the defendants filed a motion to dismiss (or in the alternative for summary judgment), and Bailey responded. The district court granted the defendants' summary judgment motion and dismissed the case.
 
 
 4
 On appeal, Bailey raises four grounds for relief, three of which essentially challenge the defendants' conduct of allegedly making bed assignments based solely on race and the race conscious prison policy of avoiding racial "bunching." He also challenges the constitutionality of 42 U.S.C. § 1997(e). Both parties have filed briefs.
 
 
 5
 Upon review, we affirm the district court's judgment pursuant to Rule 9(b)(3), Rules of the Sixth Circuit, for the reasons set forth in the district court's orders of November 27, 1990, and September 18, 1991. See also O'Lone v. Estate of Shabazz, 482 U.S. 342, 349 (1987) ("prison regulations alleged to infringe constitutional rights are judged under a 'reasonableness' test less restrictive than that ordinarily applied to alleged infringements of fundamental constitutional rights").